# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| GREG STEVENS | CIVIL ACTION NO. 19-0452 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| UNNAMED DEFENDANT, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned are six civil rights complaints filed by Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis.

Plaintiff names Clerk of Court Ann Johnson as a defendant in his first pleading, alleging that, in 2018, Johnson refused to follow a court order to facilitate appointment of counsel in his state habeas proceeding and that, in March 2019, Johnson refused to file his civil rights complaint. [doc. # 6, p. 3].

Plaintiff names Assistant District Attorney Will Barham as a defendant in his second pleading, alleging that Barham "exceeded the time limits for the appointment of counsel after the initiation of prosecution [on] June 19, 2017," committed perjury before the grand jury, and "refused to follow procedural law . . . ." [doc. # 7].

Plaintiff names Chad Lee, the Warden of Franklin Parish Detention Center, as a defendant in his third pleading, alleging that Lee failed to protect him from other prisoners, denied him medical care, denied him "victim's rights assistance," confined him in unconstitutional conditions, and violated his right of access to court. [doc. # 8].

Plaintiff names Josh Dunn, a deputy with Franklin Parish Sheriff's Department, and Aaron Touchet, a guard at Franklin Parish Detention Center, as defendants in his fourth pleading.

[doc. # 9]. He alleges that, after he was arrested in February 2018, Dunn failed to show him the arrest warrant and failed to submit either "a booking information summary at the time of booking" or a "written statement or form explaining why a complete booking information summary was not presented." *Id.* at 3. Plaintiff alleges that Touchet failed to immediately inform him of his right to request a preliminary examination. *Id.*

In his fifth pleading, Plaintiff names Detective Todd Roberts as a defendant, alleging that Roberts "filed a complaint with the district attorney's office on June 19, 2017, that contained perjured testimony/statements." [doc. # 10].

In his sixth pleading, Plaintiff names the District Attorney's Office, District Attorney James David Caldwell, and Assistant District Attorney James Trey Phillips as defendants. [doc. # 11]. Plaintiff alleges that, in November 1998, these defendants violated his right to a speedy trial. *Id.*

Under Federal Rule of Civil Procedure 20(a)(2), "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" "Unrelated claims against different defendants belong in different suits, not only to prevent [a] morass . . . but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. District courts have "discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."

*Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).[1]

Here, in each pleading, Plaintiff asserts claims against defendants that do not arise out of the same transaction, occurrence, or series of transactions or occurrences set forth in the other pleadings. Plaintiff may not, therefore, join all defendants in one action.

Accordingly, **IT IS ORDERED** that Plaintiff's pleadings, [doc. #s 6, 7, 8, 9, 10, 11], be **SEVERED** into six separate proceedings. Except for the instant proceeding, which will comprise only Plaintiff's initial pleadings, [doc. #s 1, 6], Plaintiff must, in each new proceeding, either pay the filing fee or file an application to proceed in forma pauperis.

In Chambers, Monroe, Louisiana, this 24th day of June, 2019.

                                            Karen L. Hayes
                                            United States Magistrate Judge

---

[1] "The federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (internal quotation marks and quoted source omitted).