UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| GREG STEVENS | CIVIL ACTION NO. 19-0452 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| ANN JOHNSON, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on April 9, 2019, under 42 U.S.C. § 1983. He names Clerk of Court Ann Johnson and Judge John Hamilton as defendants.[1] For reasons stated below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that, on May 15, 2018, he filed an application for writ of habeas corpus before the Fifth Judicial District Court, Franklin Parish, and that on May 18, 2018, the trial judge ordered Clerk of Court Ann Johnson "to notify the Office of Public Defender, Fifth Judicial District, of the writ of habeas corpus being filed so they could appoint counsel to assist [him] with the writ of habeas corpus proceedings." [doc. # 6, p. 3]. Plaintiff claims that Johnson "refused to notify the Office of Public Defender," that he "was never appointed counsel to assist [him] with the writ," and that, as a result, his "writ of habeas corpus was denied on March 13, 2019." *Id.* Plaintiff labels Johnson's inaction, "nonfeasance." *Id.*

Plaintiff maintains that he filed the application for writ of habeas corpus because, in his

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

underlying criminal proceeding, he was not appointed counsel prior to the deadline for appointing counsel.[2] [doc. # 22, p. 2]. As the undersigned understands Plaintiff's claim, he contends that, had Johnson facilitated the appointment of counsel in his habeas corpus proceeding, counsel in the habeas corpus proceeding would have secured his release due to the delay in appointing counsel in his underlying criminal proceeding. *Id.*

Plaintiff has pending charges of second-degree kidnapping, second-degree rape, and second-degree battery. [doc. # 22, p. 3]. He filed his application for writ of habeas corpus to secure release in connection with all of these charges. *Id.*

Next, Plaintiff claims that he attempted to file a civil rights complaint on March 27, 2019, before the Fifth Judicial District Court, but Johnson refused to file it "because she did not know what to do with it." [doc. #s 6, p. 3; 22, p. 4]. Plaintiff was consequently forced to file his claims in this civil rights proceeding. *Id.*

With respect to his claims against Johnson, Plaintiff asks the Court to dismiss his charges with prejudice and to award $1,500,000.00 in compensation. [doc. #s 6, p. 4; 22, p. 3].

Plaintiff filed an amended pleading on July 29, 2019, naming Judge John Hamilton as a defendant. [doc. # 23]. Plaintiff alleges that Judge Hamilton presided over "the writ of habeas corpus proceedings." *Id.* at 6.

Plaintiff claims that Judge Hamilton: (1) "allowed the writ of habeas corpus to be continued five times" while Plaintiff was without counsel; (2) conducted the habeas corpus

---

[2] Presumably, Plaintiff refers to LA. CODE CRIM. PRO. art. 230.1(A), which provides: "The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel." "If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released on his own recognizance." *Id.* § (C).

2

proceeding on November 8, 2018, "151 days past [the] max[imum] time limit"; (3) did not inform him of his right to appointed counsel for the habeas corpus proceeding or otherwise ask Plaintiff if he wanted an attorney; (4) did not conduct a hearing to ascertain if Plaintiff was competent to represent himself; (5) failed to prevent one of Plaintiff's public defenders from representing him after Plaintiff informed Judge Hamilton that the public defender was operating under a conflict of interest; (6) should have granted the application for writ of habeas corpus and released Plaintiff; (7) is allowing the prosecution to use the victim's perjured statements; and (8) "allowed the prosecution to continue after being informed that the Assistant District Attorney took this case to the grand jury ten months after the initiation of prosecution . . . for the sole purpose of getting [Plaintiff's] preliminary examination motion dismissed." *Id.* at 6-7, 11, 14, 15. Plaintiff clarifies that his appointed counsel from his underlying criminal proceeding was present at the habeas corpus proceeding, but counsel did not assist him. *Id.* at 7.

Judge Hamilton conducted another hearing on January 16, 2019. *Id.* at 8. As noted, Judge Hamilton denied Plaintiff's habeas corpus application on March 13, 2019. *Id.* at 9. Plaintiff challenges the denial, maintaining that the delay in appointing counsel in his underlying criminal proceeding clearly compelled his release. *Id.* at 14. According to Plaintiff, prosecution was initiated on June 19, 2017,[3] and counsel was appointed on August 2, 2017. *Id.*

Plaintiff alleges that he has suffered humiliation, embarrassment, emotional distress, and "emotional suffering." *Id.* at 16. He seeks $7,500,000.00. *Id.*

---

[3] Plaintiff seems to contend that prosecution was initiated when "formal charges [were] filed" on June 19, 2017, or on July 20, 2017, when either "an indictment or information [was] filed." [doc. # 23, p. 17].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Claim**

Plaintiff alleges that his right to a speedy trial was violated. [doc. # 23, p. 16]. Plaintiff is apparently referencing his prior criminal proceeding in 1998-99, which is unrelated to the pending state court proceeding referenced above.

Here, he writes: "I want the charge declared invalid, dismissed, and expunge the conviction from my record. [sic]." *Id.* Following that, he lists two crimes, "attempted first degree murder" and "second degree kidnapping," indicating that he pled guilty to the latter. *Id.* Finally, he maintains that the Supreme Court of Louisiana granted him "bail relief" and invalidated the charge to which he pled guilty, but the District Attorney and Judge John Crigler failed to comply with the Supreme Court of Louisiana's order. *Id.*

Plaintiff is duplicating allegations from one of his other proceedings, *Greg Stevens v. Office of 6th JDC District Attorney*, 3:19-cv-0826, which is pending. There, he alleges that his "constitutional right to a speedy trial was violated on March 23, 1999," and he cites a November 19, 1999 opinion from the Supreme Court of Louisiana which vacated the trial judge's ruling and remanded the case "for purposes of relieving [Plaintiff] of his bail obligation on the pending charges of second degree kidnapping, La. R.S. 14:44.1, and attempted second degree murder, in violation of La. R.S. 14:27, 14:30.1." *State v. Stevens*, 99-1614 (La. 11/19/99), 747 So. 2d 516,

6

517. In 3:19-cv-0826, like here, Plaintiff claims that the "the relief granted was never imposed."

As the instant claim is duplicative, the Court should dismiss it as frivolous and malicious.[5] See *Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious). Because the companion suit remains pending, dismissal is without prejudice to Plaintiff's right to prosecute the duplicative claim in the companion proceeding.[6] See *Pittman*, 980 F.2d at 995. The dismissal is otherwise with prejudice.[7] See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

### 3. Compensatory Relief

Plaintiff requests monetary relief from each defendant for his humiliation, embarrassment, emotional distress, and "emotional suffering." [doc. # 23, p. 16]. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." "[I]t is the nature of the relief sought, and not

---

[5] "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

[6] The Court will address Plaintiff's duplicative allegations in Plaintiff's companion proceeding, 3:19-cv-0826.

[7] Plaintiff should ensure that he keeps all six of his proceedings separate. Each time he files a document, he should ensure that he files it in the correct proceeding (i.e. the proceeding related to the information he is filing) by placing the correct civil action number in the caption of the document he is filing.

the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, because Plaintiff does not allege that he suffered a physical injury, he may not recover compensatory relief for his alleged mental and emotional injuries. The Court should dismiss Plaintiff's request for monetary relief.[8]

**4. Habeas Corpus Relief**

Plaintiff is charged with second-degree kidnapping, second-degree rape, and second-

---

[8] As above, Plaintiff claims that he attempted to file a civil rights complaint on March 27, 2019, before the Fifth Judicial District Court, but Johnson refused to file it "because she did not know what to do with it." Assuming, *arguendo*, that Plaintiff sought monetary relief here for compensation that the state trial court might have awarded had Plaintiff prevailed, and assuming further that 42 U.S.C. § 1997e(e) would not prevent a plaintiff from recovering compensation in such a scenario, Plaintiff does not state a plausible access-to-court claim.

To succeed, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

Here, Plaintiff does not allege that he lost an actionable, nonfrivolous claim or that a defendant is preventing him from presenting a claim to any court. In fact, Plaintiff maintains that, because he could not file in state court, he filed here. [doc. #s 6, p. 3; 22, p. 4]. As Plaintiff has not yet lost an actionable, nonfrivolous claim that Johnson allegedly refused to file, his access-to-court claim is not ripe. See *Waller v. Hanlon*, 922 F.3d 590, 602 (5th Cir. 2019) ("Unless and until the plaintiffs' claim . . . suffers some concrete setback traceable to the defendants' alleged [action], their allegation that the defendants impaired their effort to bring that claim is no more than speculation about an event that may or may not come to pass."). The undersigned recommends, only in the alternative, dismissing Plaintiff's access-to-court claim as unripe and, by extension, without prejudice.

degree battery. [doc. # 22, p. 3].[9]  The charges are pending. *Id.*  In this proceeding, Plaintiff asks the Court to dismiss all charges with prejudice. *Id.*

Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[10]  Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241).  Accordingly, the Court should deny Plaintiff's request.

The undersigned cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court.  See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and

---

[9] TELEPHONE CALL TO FRANKLIN PARISH DISTRICT ATTORNEY, August 8, 2019.

[10] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

9

adequate.").[11] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[12] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

Ultimately, the Court should dismiss Plaintiff's non-duplicative claims because he does not seek cognizable relief.

## **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for dismissal of all charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for a preliminary injunction, [doc. # 17], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[11] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[12] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of August, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE